UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

CASE NO. 3:11-bk-03853_____

UNION LAND & TIMBER CORP.,

    Debtor

_____/

### DEBTOR'S MOTION FOR SUBSTANTIVE CONSOLIDATION

The Debtor, Union Land & Timber Corp., through the undersigned counsel, ("Debtor" or "Union"), moves this Court in accordance with §§ 105 and 302(b), United States Bankruptcy Code, and Rule 1015(b), Federal Rules of Bankruptcy Procedure, for entry of an Order consolidating this Chapter 11 Case with the related Chapter 11 Case of Roberts Land & Timber Investment Corp., to be jointly administered under the lead Chapter 11 Case of Roberts Land & Timber Investment Corp., Case No. 3:11-bk-03851. In support of this Motion, the Debtor would respectfully show as follows: respectfully show as follows:

    1.    Union filed its Chapter 11 Case on May 25, 2011 (the "Petition Date").

    2.    The Debtor, Roberts Land & Timber Investment Corp. ("Roberts"), filed its Chapter 11 Case on May 25, 2011 (the "Petition Date").

    3.    Roberts and Union will continue in possession of their respective assets and property and will operate and manage their businesses as Debtors-in-Possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

    4.    The creditors in the Roberts Chapter 11 Case are:

1

a. Farm Credit of Florida, ACA.

b. Community State Bank.

c. TD Bank, N.A.

d. Tamco Capital Corporation

5. The creditors in the Union Chapter 11 Case are:

a. Farm Credit of Florida, ACA.

b. Community State Bank.

6. Farm Credit of Florida, ACA, and Community State Bank as the common creditors of both Roberts and Union represent 94% in dollar amount of the total indebtedness owed by these Debtors. The next largest creditor, TD Bank, N.A. represents 6% or for all practical purposes all of the remaining indebtedness owed by these Debtors.

7. The operations of these two Debtors is closely-intertwined under the common ownership of their sole shareholder and President, Avery C. Roberts.

8. Both of these Debtors operate as real estate development and real estate holding companies.

9. The monies to fund the payments of the indebtedness owed to all of these creditors will be derived from the operations of both Debtors as different land sales and income are realized from time to time as well as from income derived from other companies owned by Avery C. Roberts which are related to real estate development or operate in support of the Debtors.

10. Roberts and Union can submit a Joint Consolidated Chapter 11 Plan that will provide for the 100% payment of all secured and unsecured creditors in both Chapter 11 Cases.

11. Rule 1015(b), Federal Rules of Bankruptcy Procedure, permits the Court to substantively consolidate for joint administration these two related cases in the best interest of efficiency and ease of administration.

12. In exercising its equitable discretion, a bankruptcy court may consolidate cases involving related debtors. 11 U.S.C. §§ 105, 302(b); Fed. R. Bankr.P. 1015(b). "Substantive consolidation is employed in cases where the interrelationships of the debtors are hopelessly obscured and the time and expense necessary to attempt to unscramble them is so substantial as to threaten the realization of any net assets for all of the creditors. In re American Homepatient, Inc., 301 B.R. 713, 717 (M.D. Tenn. Bankr. 2003).

13. In these two cases, the Debtors will be working together to produce the income to fund a Jointly Consolidated Chapter 11 Plan.

14. Given the provisions of the Bankruptcy Code and the Bankruptcy Rules, as well as the Debtors' close and related relationship through ownership by the sole shareholder and relationship with affiliated entities owned and operated by Avery C. Roberts, joint administration of these cases through substantive consolidation is warranted. Substantive consolidation will avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders in each of these Debtor cases, thereby saving the Debtors' respective estates expense and resources. The reduced costs that will result from the substantive consolidation of these cases will enhance the rights of all creditors. The relief requested will also relieve the Court of the burden of entering duplicative orders and maintaining duplicative files and dockets, and, similarly, simplify supervision of the administrative aspects of these chapter 11 cases by the United States Trustee for the Middle District of Florida.

15. No request has been made for the appointment of a trustee or examiner, and no official committee has yet been appointed in these cases.

16. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

17. By this Motion, the Debtors respectfully request the entry of an order, pursuant to Bankruptcy Rule 1015(b), directing that their bankruptcy cases be jointly administered for procedural purposes only under the caption of the case filed by Roberts Land & Timber Investment Corp. The Debtors further request that the order direct the use of the following joint caption on all pleadings filed in these cases:

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

| | |
|---|---|
| ROBERTS LAND & TIMBER INVESTMENT CORP., | Case No. 3:11-bk-03851 and Case No. 3:11-bk-03853 |
| Debtor, | |
| and | Jointly Administered Under Case No. 3:11-bk-03851 |
| UNION LAND & TIMBER CORP, | |
| Chapter 11 Debtors. | |

_____

18. A proposed Order accompanies this Motion.

WHEREFORE, the Debtor, Union Land & Timber Corp., through the undersigned counsel, prays that this Court will enter an Order consolidating this Chapter 11 Case with the related Chapter 11 Case filed by Roberts Land & Timber Investment Corp. in the Middle District of Florida, Jacksonville Division, as Case No. 3:11-bk-03851

Date: May 25, 2011.

THE DECKER LAW FIRM, P. A.

BY	/s/ Andrew J. Decker, III
Andrew J. Decker, III, Esquire
Florida Bar No. 267211
320 White Avenue - Street Address
Post Office Drawer 1288 - Mailing Address
Live Oak, Florida 32064
Telephone:	(386) 364-4440
Telecopier:	(386) 364-4508
Email[AJD,III]:	decklaw@windstream.net

Proposed Attorneys for Debtors, Roberts Land & Timber Investment Corp. and Union Land & Timber Crop.

**CERTIFICATE OF SERVICE**

    **I CERTIFY** that a true and correct copy of the foregoing was furnished by electronic/email notification or United States Mail, postage prepaid and first class, to all creditors and interested persons shown on the attached mailing matrices for each of the two Chapter 11 Cases referenced above on this 25th day of May, 2011.

    THE DECKER LAW FIRM, P. A.

BY_____
Andrew J. Decker, III, Esquire
Florida Bar No. 267211
320 White Avenue - Street Address
Post Office Drawer 1288 - Mailing Address
Live Oak, Florida 32064
Telephone:    (386) 364-4440
Telecopier:    (386) 364-4508
Email[AJD,III]:    decklaw@windstream.net

Proposed Attorneys for Debtors, Roberts Land & Timber Investment Corp. and Union Land & Timber Crop.

11108