UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

ROBERTS LAND & TIMBER
INVESTMENT CORP.,

    Debtor,

and

UNION LAND & TIMBER CORP,

    Chapter 11 Debtors.

Case No. 3:11-bk-03851-PMG
and Case No. 3:11-bk-03853-PMG

Jointly Administered Under
Case No. 3:11-bk-03851-PMG

_____

## DEBTORS' ADDENDUM TO DISCLOSURE STATEMENT

The Debtors, Roberts Land & Timber Investment Corp. and Union Land & Timber Corp., through the undersigned counsel, respectfully submit this Addendum to the Debtors' Disclosure Statement filed June 7, 2011 (Docket # 24), to provide clarification and additional information with respect to certain claims, assets and financial affairs of the Debtors. If approved by the Court, the information set forth in this Addendum should be read together with the Debtors' Disclosure Statement and Second Amended Chapter 11 Plan of Reorganization.

### Status of Loans Between Debtors and Sole Shareholder

1.     The Debtors in these two jointly administered Chapter 11 Cases filed Amendments to Schedules B and F indicating additional assets and unsecured creditors for these two cases.

2.     These Amendments reflect the status of closely related loans receivable and loans payable by and between these two Debtors and their President and sole shareholder, Avery C. Roberts, and a separate non-debtor business he owns. Mr. Roberts and his wholly-owned company,

North Florida Reforestation Service, Inc., would be considered insiders pursuant to §101(31), United States Code.

3. The following chart summarizes the status of these loans:

|  | Roberts Land & Timber | Union Land & Timber |
|---|---|---|
| Loans Payable by Debtors | $ 19,185,305.90 | $ 923,585.51 |
| Loans Receivable to Debtors | $ 15,844,540.39 | $ 00.00 |
|  |  |  |
| Net Amount Owed by Debtors | $ 3,340,765.51 | $ 923,585.51 |
| Total Amount Owed by Debtors to | $4,264,351.02 |  |

4. Without a careful analysis and comparison of the respective loan amounts set forth in Schedules B and F, it may appear that the Debtors have substantial loan receivables available with which to service the obligations owed to Creditors in this case. In fact, the Debtors are obligated for such insider loans in the amount of $4,264,351.02.

Loans Made and Re-Paid in One Year Prior to Bankruptcy

5. In its Objection to Disclosure Statement (Docket # 56), Farm Credit of Florida, ACA, argues that there may be insider transactions and re-payment of loans that could be avoided:

> "In addition, the Debtors have significant claims by insiders and there were also significant transfers apparently from and to insiders during the one year period prior to the Petition Date. The Debtors fail to discuss the transfers and whether the payments could be avoided under the Bankruptcy Code."

6. In fact, as the Debtors' detailed transmittals to the United States Trustee and their Schedules and Statement of Financial Affairs demonstrate, in the one year period prior to the filing of these Chapter 11 Cases, the transactions pertaining to the insider, Avery C. Roberts, as sole shareholder show that:

a. Avery C. Roberts made sixteen (16) separate loans to Roberts Land & Timber Investment Corp. totaling $333,366.72 for which he received contemporaneous re-payments in the total amount of only $114,500.00; and

b. Avery C. Roberts made four (4) separate loans to Union Land & Timber Corp. totaling $11,800.00 and three (3) of which were made <u>to</u> the Debtor within 48 days of the Chapter 11 filing for which he received one (1) re-payment of only $2,200.00 on December 13, 2010 - - almost six (6) months prior to the filings.

7. Based on the foregoing, it is clear that no basis exists for any avoidance actions by the Debtors.

8. The Debtors would further note that:

a. The sole shareholder will be continuing to provide any necessary loans and financial assistance to the Debtor corporations to address any cash flow requirements, and

b. The sole shareholder has personally guaranteed all of the obligations that are the subject of these jointly administered Chapter 11 Cases.

<u>Liquidation Analysis</u>

9. Although the Debtors' Joint First Amended Chapter 11 Plan provides for the payment in full of all secured and unsecured claims, the Debtors supplement their Disclosure Statement to furnish a liquidation analysis showing how the same secured and unsecured claims would be treated in the event these cases were to be converted to Chapter 7 Cases:

| Liquidation Analysis** | |
| --- | --- |
| Asset Description | Liquidation Value |
| Roberts Land & Timber Real Property | $ 25,261,000.00 |
| Roberts Land & Timber Personal Property | $ 506,917.06 |
| Union Land & Timber Real Property | $ 2,375,000.00 |
| Union Land & Timber Personal Property | $ 1,170.09 |
| Total Assets for Liquidation | $ 28,144,087.15 |
| | |
| Liability Description | Amount |
| Community State Bank Mortgages Receivable Loan | $ 162,419.49 |
| Community State Bank Real Estate Loan | $ 648,034.06 |
| Farm Credit of Florida, ACA Real Estate Loans | $ 11,300,819.22 |
| TD Bank (f/k/a Mercantile Bank) | $ 699,042.68 |
| Wells Fargo Bank (Tamco Capital) | $ 11,455.70 |
| | |
| Chapter 7 Trustee Compensation [§326(a)] | $ 1,342,908.82 |
| Total Indebtedness and Expenses Owed by Joint Debtors | $ 14,164,679.97 |
| Net Surplus of Assets over Liabilities: | $ 28,144,087.15 <br> $ 14,164,679.97 <br> $ 13,979,407.18 |

** This analysis omits any payments to insiders or any amounts owed by insiders. No insider claims or liabilities will be paid until all other claims are paid in full.

10. The foregoing chart clearly demonstrates the viability and feasibility of the Joint Debtors' Plan and that such a Plan is in the best interest of all creditors as well as the ongoing

economic value and contributions by the Joint Debtors to the economy. By contrast, the chart also demonstrates that a Chapter 7 liquidation would be a wasteful and unnecessary alternative which would serve merely to generate waste, inefficiency and grossly inequitable Chapter 7 Trustee compensation. This analysis does not take into consideration any marshaling of homestead exemptions that may be available to the Debtors' sole shareholder and related guarantors.

Respectfully submitted, this 26th day of July, 2011.

Roberts Land & Timber Investment Corp.

By_____
Avery C. Roberts
President

Union Land & Timber Corp.

By_____
Avery C. Roberts
President

THE DECKER LAW FIRM, P. A.

BY_____/s/ Andrew J. Decker, III_____
Andrew J. Decker, III, Esquire
Florida Bar No. 267211
320 White Avenue - Street Address
Post Office Drawer 1288 - Mailing Address
Live Oak, Florida 32064
Telephone:        (386) 364-4440
Telecopier:       (386) 364-4508
Email[AJD,III]:   decklaw@thedeckerlawfirm.com
Attorneys for Debtors

09225