UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

ROBERTS LAND & TIMBER
INVESTMENT CORP.,

      Debtor.

_____

Chapter 11
Case No. 3:11-bk-03851-PMG

Jointly Administered with
Case No. 3:11-bk-03853-PMG

Applicable Debtor

ROBERTS LAND & TIMBER
INVESTMENT CORP.,

Case No. 3:11-bk-03851-PMG,

      Debtor.

_____

**MOTION OF DEBTOR, ROBERTS LAND & TIMBER INVESTMENT
CORP., PURSUANT TO RULE 9019, FEDERAL RULES OF
BANKRUPTCY PROCEDURE, FOR APPROVAL OF
COMPROMISE AND SETTLEMENT OF CLAIM THREE OF
CREDITOR, WELLS FARGO FINANCIAL LEASING, INC.**

---

**NOTICE OF OPPORTUNITY TO
OBJECT AND FOR HEARING**

    Pursuant to M.D. Fla. L. B. R. 2002-4(b)(4)(i), the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within 21 days from the date this paper is entered on the docket. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at United States Bankruptcy Court, 300 North Hogan Street, 3-350, Jacksonville, Florida 32202-4267, and serve a copy on the movant's attorney, Andrew J. Decker, III, Esquire, Post Office Box 1288, Live Oak, Florida 32064 and Timothy S. Laffredi, Esquire, Assistant United States Trustee, 135 West Central Boulevard, Suite 620, Orlando, Florida 32701.

    **If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

---

1

The Debtor, Roberts Land & Timber Investment Corp. ("Roberts"), through the undersigned counsel, moves this Court for entry of an Order approving the settlement of Proof of Claim Number Three filed by the Creditor, Wells Fargo Financial Leasing, Inc. ("Wells Fargo"), and states as follows:

## I. Jurisdiction and Venue

1.  This Court has jurisdiction over this Motion pursuant to Rule 9019, Federal Rules of Bankruptcy Procedure, for approval of compromise and settlement of Claim Three of Wells Fargo pursuant to 28 U.S.C. §§ 157 and 1334.

2.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.  The statutory predicate for the relief sought in this Motion is Rule 9019, Federal Rules of Bankruptcy Procedure.

## II. Facts

4.  Roberts is a real estate holding and development company. In addition, the Debtor holds mortgages receivable with respect to tracts it has developed, marketed and sold.

5.  On or about January 23, 2007, Roberts purchased an office communications system which was financed by Tamco Capital Corporation through a leasing agreement more particularly described and referenced in the attachments to Wells Fargo's Proof of Claim Number Three.

6.  On May 25, 2011, Roberts filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

7.  The Debtor filed a Second Amended Plan of Reorganization in which it proposed to reject the leasing arrangement with Wells Fargo and surrender the office communications system to this creditor. Roberts based this business decision on a consideration of the age and functionality

of said office communications system; the amount owed to Wells Fargo under the existing leasing arrangement; and the availability in the market of office communications systems utilizing technology and features developed since January 23, 2007.

8. The amount of Proof of Claim Number Three filed by Wells Fargo is $11,455.70.

9. Notwithstanding the fact that Roberts' rejection of the Wells Fargo leasing arrangement is supported by valid business factors, there are several potential adverse business consequences for Roberts and/or Wells Fargo that may result from rejection of the leasing arrangement and surrender of the office communications system:

- a. Roberts may be without an effective office communications system for an indeterminate time period while it explores the availability, pricing and financing of a replacement system;
- b. Roberts' internal office functions would be disrupted by the presence of Wells Fargo employees or agents on site to remove the office communications system that is being surrendered;
- c. Roberts would incur the cost and legal fees of dealing with the disposition of an unsecured proof of claim by Wells Fargo for any rejection damages that may arise;
- d. Wells Fargo would incur the expense of dispatching employees or agents to Roberts' business office to disassemble and remove the office communications system;
- e. Wells Fargo could incur potential liability for damages to Roberts' business premises and unrelated business systems if in the process of removing the leased office communications system, Wells Fargo's employees or agents inadvertently damaged or destroyed the unrelated business systems owned by Roberts;
- f. Wells Fargo would incur the costs and time of attempting to dispose of the office

communications system in a commercially reasonable manner; and

 g. Wells Fargo would incur the costs and legal fees of attempting to establish the amount, if any, of its unsecured claim for rejection damages resulting from Roberts' exercise of its business decision and discretion to reject the leasing arrangement for the office communications system.

### III. Terms of Proposed Compromise

10. Based on a consideration of the factors set forth in paragraph 9 above and in consideration of other business considerations by Wells Fargo and Roberts, the parties have decided to settle this matter in accordance with the following terms:[1]

 a. Roberts will retain the office communications system financed through the Wells Fargo leasing arrangement;

 b. Roberts will file a Third Amended Plan in which it references this proposed compromise;

 c. Roberts will pay the sum of Two Thousand and 00/100 Dollars ($2,000.00) to Wells Fargo immediately upon entry of an Order by this Court approving this proposed compromise;

 d. Upon receipt of the sum of Two Thousand and 00/100 Dollars ($2,000.00) from Roberts and entry of an Order by this Court approving this proposed compromise, Wells Fargo shall file a Notice of Withdrawal of its Proof of Claim Number Three indicating that said claim and the underlying lease agreement has been satisfied and

---

[1] "Adequate notice does not require that all of the terms of settlement be included." In re Nationwide Sports Distributors, Inc., 227 B.R. 455, 458 n.1 (Bankr. E.D. Pa. 1998); see In re Drexel Burnham Lambert Group, Inc., 995 F.2d 1138, 1145 (2d Cir.1993) ("This lack of particularity does not constitute a constitutional deficiency. Notice may satisfy due process without setting forth verbatim the full text of a proposed settlement; it may describe the settlement in general terms").

withdrawn; and

e. Wells Fargo and Roberts shall execute, exchange and deliver such other documents as may be necessary or desirable to effectuate the terms of their proposed compromise including a Bill of Sale without warranties of fitness for a particular purpose of merchantability.

IV. Analysis

11. Pursuant to 11 U.S.C. § 1203, Roberts as a debtor in possession has the rights and powers of the trustee as described therein.

12. Rule 9019, Federal Rules of Bankruptcy Procedure, provides in part:

On motion by the trustee [or debtor in possession] and after notice and a hearing,[2] the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct. Fed. R. Bankr. P. 9019(a) (2009).

13. In In re The Charter Co., 72 B.R. 70 (Bankr. M.D. Fla. 1987), the Court set forth guidelines regarding the settlement of a bankruptcy claim:

Under Rule 9019, the Court has discretion to authorize the compromise of a claim if that compromise is (i) in the best interests of the debtor, its estate and its creditor, and (ii) is not attended by fraud or other inequitable circumstances which shock the conscience of the Court. Id. at 71.

14. Under the facts of this case, the Court should approve the settlement of Proof of Claim Three because the settlement is fair and in the best interests of Roberts, its creditors, Wells Fargo and the bankruptcy estate.

15. First, the settlement terms proposed in this Motion are mutually beneficial to Roberts and Wells Fargo.

---

[2] Under Rule 2002, Federal Rules of Bankruptcy Procedure and Local Rule 2002-4, a Rule 9019 motion may be considered without hearing under negative notice procedure with an objection period of twenty-one days

5

16. Moreover, approval of this settlement is in the best interests of not only Wells Fargo but the other creditors in the case. Approval of the settlement described in this motion will allow Roberts to have additional cash funds for operating expenses and plan payments.

17. Finally, this settlement is fair and equitable. It is the product of good-faith negotiations and mutual cooperation between Roberts and Wells Fargo and will avoid time-consuming hearing and procedures; mitigate costs, fees and damages calculations for the parties; conserve judicial resources; and leave Roberts with a functioning office communications system at a critical time when it is focusing on the successful confirmation of its Plan; and enable Wells Fargo to efficiently and promptly administratively close this account. Further, the settlement achieves these objectives without the expense, delay, and consumption of judicial resources involved with further litigation of the claim.

WHEREFORE, based on the foregoing, the Debtor, Roberts Land & Timber Investment Corp., respectfully request entry of an Order granting this Motion and approving the settlement of Wells Fargo's Proof of Claim Three as described herein.

    THE DECKER LAW FIRM, P. A.

BY   */s/ Andrew J. Decker, III*
Andrew J. Decker, III, Esquire
Florida Bar No. 267211
320 White Avenue - Street Address
Post Office Drawer 1288 - Mailing Address
Live Oak, Florida 32064
Telephone:  (386) 364-4440
Telecopier:  (386) 364-4508
Email:  decklaw@thedeckerlawfirm.com

Attorneys for the Debtors, Roberts Land & Timber Investment Corp. and Union Land & Timber Corp.

**CERTIFICATE OF SERVICE**

      I CERTIFY that a true and correct copy of the foregoing was furnished by electronic/email notification or United States Mail, postage prepaid and first class, to Timothy S. Laffredi, Esquire, Assistant United States Trustee, 135 West Central Boulevard, Suite 620, Orlando, Florida 32701 and to the creditors and interested persons shown on the attached mailing matrix on this 14th day of September, 2011.

THE DECKER LAW FIRM, P. A.

BY   */s/ Andrew J. Decker, III*
Andrew J. Decker, III, Esquire
Florida Bar No. 267211
320 White Avenue - Street Address
Post Office Drawer 1288 - Mailing Address
Live Oak, Florida 32064
Telephone:   (386) 364-4440
Telecopier:   (386) 364-4508
Email:   decklaw@thedeckerlawfirm.com

Attorneys for the Debtors, Roberts Land & Timber Investment Corp. and Union Land & Timber Corp.

```
Label Matrix for local noticing          American Express Bank FSB              Avery C. Roberts
113A-3                                   c/o Becket and Lee LLP                 Post Office Box 233
Case 3:11-bk-03851-PMG                   POB 3001                               Lake Butler, FL 32054-0233
Middle District of Florida               Malvern, PA 19355-0701
Jacksonville
Wed Sep 14 11:39:25 EDT 2011

Community State Bank                     Andrew J. Decker III                   Jeffrey R Dollinger
Post Office Drawer 460                   P.O. Drawer 1288                       Scruggs & Carmichael PA
Starke, FL 32091-0460                    Live Oak, Fl 32064-1288                1 Southeast 1st Avenue
                                                                                Gainesville, FL 32601-1205

Farm Credit of Florida, ACA              Florida Dept of Labor and Security     Florida Dept of Revenue
11903 Southern Boulevard, Suite 200      Hartman Building, Suite 307            P.O. Box 6668
Post Office Box 213069                   2012 Capital Circle, Southeast         Tallahassee, FL 32314-6668
West Palm Beach, FL 33421-3069           Tallahassee, FL 32399-6583

Florida Dept. of Revenue                 Gilbert Weisman                        Brian P Hall
Bankruptcy Unit                          Becket & Lee LLP                       Smith Gambrell & Russell LLP
P.O. Box 6668                            POB 3001                               1230 Peachtree Street, NE
Tallahassee, FL 32314-6668               Malvern, PA 19355-0701                 Suite 3100
                                                                                Atlanta, GA 30309-3592

IRS                                      Internal Revenue Service               Timothy S Laffredi
Centralized Insolvency Operations        PO Box 7346                            135 West Central Blvd Suite 620
P.O. Box 7346                            Philadelphia, PA  19101-7346           Orlando, FL 32801-2476
Philadelphia, PA 19101-7346

Legacy Wildlife Services/                Mercantile Bank                        North Florida Reforestation Services
Natural Resources Planning Services      Post Office Box 100201                 Post Office Box 365
5700 S.W. 34th Street, Suite 324         Columbia, SC 29202-3201                Lake Butler, FL 32054-0365
Gainesville, FL 32608-5371

Roberts Land & Timber Investment Corp    Roberts Land & Timber Investment Corp. Roberts Land & Timber Investment Corp.
Post Office Box 233                      12469 West SR 100                      Post Office Box 233
Lake City, FL 32056-0233                 Lake Butler FL 32054-5130              Lake City, Florida 32056-0233

Secretary of the Treasury                TAMCO Capital Corporation              TD Bank, National Association
15th & Pennsylvania Ave., NW             4830 W. Kennedy Blvd., Suite 650       Scruggs & Carmichael, P.A.
Washington, DC 20220-0001                Tampa, FL 33609-2578                   One SE First Avenue
                                                                                Gainesville FL 32601-1205

TD Bank, National Association, as the succes  Timothy S Laffredi                Twyla J. Roberts
c/o Jeffrey R. Dollinger, Esq.           135 West Central Blvd Suite            Post Office Box 233
1 SE 1st AVenue                          Orlando, FL 32801-2430                 Lake Butler, FL 32054-0233
Gainesville, FL 32601-6240

U.S. Securities & Exchange Commission    Union County Tax Collector             Union Land & Timber Corp.
Reorganization Branch, Atlanta           55 West Main Street, Room 108          Post Office Box 233
3475 Lenox Rd., NE, Ste. 1000            Lake Butler FL 32054-1654              Lake Butler, FL 32054-0233
Atlanta, GA 30326-3235
```

| United States Attorney | United States Trustee - JAX 11 | Gilbert Barnett Weisman |
| --- | --- | --- |
| 300 North Hogan St Suite 700 | 135 W Central Blvd, Suite 620 | Becket & Lee LLP |
| Jacksonville, FL 32202-4204 | Orlando, FL 32801-2440 | 16 General Warren Blvd |
| | | P O Box 3001 |
| | | Malvern, PA 19355-0701 |

| Wells Fargo Financial Leasing, Inc. | Wendell W. Wheeler |
| --- | --- |
| 800 Walnut Street | 439 S.W. Main Boulevard |
| MAC F4031-050 | Lake City, FL 32025-5268 |
| Des Moines, IA 50309-3605 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| (d)American Express Bank, FSB | (u)Farm Credit of Florida, ACA | (d)Florida Dept of Labor and Security |
| --- | --- | --- |
| c/o Becket and Lee LLP | | Hartman Building, Suite 307 |
| POB 3001 | | 2012 Capital Circle, Southeast |
| Malvern PA 19355 0701 | | Tallahassee, FL 32399-6583 |

| (u)Paul M. Glenn | (u)Wendell W. Wheeler | End of Label Matrix | |
| --- | --- | --- | --- |
| Jacksonville | | Mailable recipients | 34 |
| | | Bypassed recipients | 5 |
| | | Total | 39 |