IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ROBERTS LAND & TIMBER | ) | Case No. 3:11-bk-03851-PMG |
| INVESTMENT CORP., ET AL. | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**MODIFICATION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY
OR, ALTERNATIVELY, TO DISMISS THE CASES**

**COMES NOW**, Farm Credit of Florida, ACA ("Farm Credit"), and files this Modification (the "Modification") to Motion for Relief from the Automatic Stay or, alternatively, to Dismiss the above-captioned chapter 11 cases (the "Motion for Relief" and, collectively with the Modification, the "Motion"), and respectfully shows the Court as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334(b).

2. The Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A), (G) and (O) and a contested matter under Fed. R. Bankr. P. 9014.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are sections 105, 362 and 1112(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. as amended (the "Bankruptcy Code").

**BACKGROUND**

5. On May 25, 2011 (the "Petition Date"), Roberts Land & Timber Investment Corp. ("Roberts Land") and Union Land & Timber Corp. ("Union Land" collectively with Roberts

Land, the "Debtors") each filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. Each Debtor continues in possession of its property and is operating its business pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

6. On July 19, 2011, Farm Credit filed the Motion for Relief [Docket No. 54]. The preliminary hearing on the Motion for Relief was held August 17, 2011 and the final evidentiary hearing has been rescheduled several times to coincide with the hearing to consider the value of the Woodstock Site. No final order has been entered on the Motion for Relief.

7. The Debtors filed a joint plan of reorganization on June 7, 2011 (the "Plan"). The Plan was modified on several occasions and the Debtors ultimately proposed two alternative partial "dirt for debt" plan treatments seeking to force Farm Credit to receive the portion of the Real Property (as defined in the Motion for Relief) located in Baker County in satisfaction of all or a substantial portion of its claims (the "Woodstock Site") with the Debtors retaining all of the remaining Real Property, including approximately 3800 acres of land in Union County, Florida which contains the home of the guarantors, Avery and Twyla Roberts.

8. An evidentiary hearing was conducted on September 6, 2012 (the "Evidentiary Hearing") and the Court considered extensive testimony regarding the value of the Woodstock Site.

9. The Court issued an oral ruling on February 13, 2013, followed by a written order dated March 6, 2013, holding that (i) the Debtors' proposed surrender of the Woodstock Site would not provide Farm Credit with the "indubitable equivalent of the payment *of all or part of its secured claims*" and (ii) Farm Credit's objection to confirmation of the Plan should be sustained (the "Order"). [Docket No. 197]

10. On March 7, 2013, the Debtors filed an amended plan, its Second Modification to

2

the Third Amended Plan of Reorganization, which proposes, *inter alia*, essentially the same unconfirmable treatment of Farm Credit's claims (the "Amended Plan") [Docket No. 199].

11. Now that the Evidentiary Hearing has been conducted and the Court has entered its Order denying confirmation of the Debtors' Plan, Farm Credit files this Modification to renew the relief sought in the Motion for Relief.

12. It is apparent that the Debtors have no ability to confirm a plan of reorganization. In an effort to drag out these cases even further, the Debtors filed a modification to their three-time amended plan the day after the Court entered its written order denying confirmation. The Debtors appear to have disregarded the Court's oral ruling and written order denying confirmation of their prior plan because the amended plan contains almost identical grounds for treating Farm Credit's claims that were previously rejected by the Court.

13. The Debtors had their opportunity to propose a feasible plan of reorganization and failed. Farm Credit has been enjoined for over two years from enforcing its rights against the collateral and should not have to endure further delay. The Court should lift the automatic stay to allow Farm Credit to resume its collection efforts.

## RELIEF REQUESTED

14. By the Motion, Farm Credit seeks the entry of an order granting relief from the automatic stay under 362(d)(1) or 362(d)(2) to allow Farm Credit to proceed to exercise all of its rights and remedies to enforce its security interests in the Real Property under both state law and the Loan Documents.

**Cause exists under 11 U.S.C. 362(d)(1) because the Debtors cannot propose a viable plan of reorganization**

15. Bankruptcy courts may grant relief from the stay in a debtor's chapter 11 case for "cause" pursuant to section 362(d)(1) of the Bankruptcy Code. 11 U.S.C. § 362(d)(1). The party

seeking relief pursuant to section 362(d)(1) bears the initial burden of producing evidence of cause, whereupon the burden then shifts to the debtor to prove that relief from the stay is not warranted. *Joyner Auto World v. George (In re George)*, 315 B.R. 624, 628 (Bankr. S.D. Ga. 2004); *Builders Insurance Group, Inc. v. R.J. Groover Construction, LLC, et al. (In re R.J. Groover Construction, LLC)*, 411 B.R. 473, 477 (Bankr. S.D. Ga. 2008); *In re Cobblestone Associates*, 141 B.R. 245, 247 (Bankr. M.D. Fla. 1992).

   i.   **The objections to the Amended Plan have already been sustained.**

16.   The prior version of the Plan stated as follows:

> Upon the transfer and deed delivery to Farm Credit of the Woodstock Industrial Site real property in Baker County, Florida, described above, the total indebtedness owed to Farm Credit shall be credited with the amount of said property determined by the Court to represent the indubitable equivalent of the value of said property.

Debtors' Plan, p. 17. The Amended Plan contains a similar provision:

> Roberts Land's tender of the Woodstock Industrial Site to Farm Credit shall provide Farm Credit with the indubitable equivalence of and shall fully satisfy all of Farm Credit's claims against the Debtors relating to the Woodstock Loans.

Debtors' Amended Plan, p. 5. The only difference between these sections is that it attempts to specify the indebtedness that would be satisfied by the return of the Woodstock Site—a portion of all of the Farm Credit debt compared with only the notes secured by the Woodstock Property. Both plans indicate that the indebtedness will be reduced by the value determined to be the *indubitable equivalent* of the Woodstock Site. However, this Court has made it clear that the return of the Woodstock Site would not provide Farm Credit with the indubitable equivalent of *any* of its claims.

17.   The Order entered by this Court on March 6, 2013 contained the following findings:

On February 13, 2013, the Court held a status conference, and for the reasons stated on the record in open court, that shall constitute the decision of the Court, the Court determined the Debtor's proposed treatment of Farm Credit's claims under the Plan do not provide Farm Credit with the indubitable equivalent of the payment *of all or part of its secured claims*.

Order p. 2 (emphasis added). Not only did the Court find that the transfer of the Woodstock Site would not provide Farm Credit with the indubitable equivalent "of all ... its secured claims", the Court held that the Woodstock Site would not provide Farm Credit with the indubitable equivalent of "*part of* its secured claims." Order p. 2 (emphasis added).

18. At the Evidentiary Hearing, the Debtors were unpersuasive in convincing the Court that the return of the Woodstock Site would provide Farm Credit with the indubitable equivalent of any of its claims. This is understandable when considering the high burden to establish indubitable equivalence the Debtors needed to meet. The Court cited several areas of concern regarding the evidence in its oral ruling.

19. Yet the Debtors, the day after the Court's Order reached the docket, filed the Amended Plan that proposes almost identical treatment as the Plan the Court previously rejected. While the indebtedness satisfied by the Woodstock Site changed from all the indebtedness to only those notes secured by the Woodstock Site, the underlying principle remained the same— the return of the Woodstock Site would reduce the Debtors' indebtedness to Farm Credit by the amount found by the Court to constitute the indubitable equivalent value of the property. The Amended Plan completely ignores the explicit finding by the Court that the Woodstock Site could not provide Farm Credit with the indubitable equivalent of any of its secured claims.

20. Courts have stated that cause exists to modify the automatic stay under section 362(d)(1) where the debtor's case had been pending for a substantial amount of time without confirmation of a plan of reorganization. *See In re Sun Valley Newspapers, Inc.*, 171 B.R. 71, 76

n.3 (9th Cir. BAP 1994) (finding that the failure to confirm a plan within thirteen (13) months would constitute "cause" under section 362(d)(1)).

21. The facts of the *Sun Valley* case are similar to the facts present in these cases. The debtor in *Sun Valley* filed several plans and disclosure statements over the course of a year in an effort to reorganize. *Id.* at 73-74. The secured creditor in the case objected and sought relief from the stay after the debtor filed an amended plan containing similar terms that the Court had previously found were unconfirmable. *Id.* The BAP affirmed the bankruptcy court's ruling and further found that relief was appropriate for cause under section 362(d)(1). *Id.* at 76 n.3.

22. These cases have been pending for almost double the amount of time than in *Sun Valley*. There, the case was ongoing for approximately thirteen (13) months before the court granted stay relief. By contrast, the Debtors filed their cases in May 2011 and Farm Credit filed its Motion for Relief in July 2011 and has waited patiently for over two (2) years for the Debtors to propose a confirmable plan. The Debtors have had sufficient opportunity to propose a viable plan of reorganization but have been unable to do so.

23. Most importantly, the *Sun Valley* court considered the fact that the debtor failed to correct certain aspects of its plan that the bankruptcy court had previously found rendered the plan unconfirmable. The Debtors have acted similarly by filing an amended plan that contains almost identical language as the prior version that the Court deemed unconfirmable.

    ii.    **The Debtors' lack sufficient cash flow to service the obligations under the Amended Plan**

24. Even if the Debtors were able to convince the Court to ignore its previous ruling, the Debtors clearly do not have the ability to make the payments necessary to amortize the substantial debt obligations that would still be owed to Farm Credit under the Amended Plan. If the Plan were confirmed to provide for satisfaction of the "Woodstock Debt" the Amended Plan

would ultimately fail since the Debtors clearly do not have sufficient income to service the remaining approximately $5,000,000 in debt. In addition to the occasional and infrequent sale of portions of the Real Property, the Debtors' income from grazing and hunting leases is far short of the amount required to amortize any substantial debt. The remainder of the Debtors' income consists of mortgage receivables pledged to Community State Bank and used to service its debt.

25. The Debtors lack of sufficient cash flow can best be shown by the fact that after over 2 years of not paying any payments to Farm Credit, the Debtors' aggregate cash balance as of April 30, 2013 is less than $8,000.[1] April Monthly Operating Report, p.2. The Debtors have almost no cash to show after 2 years of full relief from payment on Farm Credit's nearly $13,000,000 in debt.

26. The fact that the Debtors lack sufficient income or other revenue to fund a chapter 11 plan of reorganization means that the Debtors cannot show that they can achieve a successful reorganization within a reasonable amount of time. The Debtors have obtained a lengthy period of protection from their creditors by seeking bankruptcy relief. However, the Debtors have provided no indication whatsoever that they have the resources or ability to reorganize, let alone satisfy their obligations to Farm Credit. Therefore, this Court should grant Farm Credit relief from the automatic stay to enforce its rights pursuant to the Loan Documents.

WHEREFORE, Farm Credit prays that the Court enter an order (a) granting relief from the automatic stay pursuant to Section 362(d)(1) or 362(d)(2) so that Farm Credit may proceed to exercise its rights and remedies against the Real Property under state law and the Loan

---

[1] Although no applications for the payment of professional fees have been filed, despite the Debtors employing two law firms, two expert appraisers and a planning expert, it is expected that unpaid administrative claims in the cases is a substantial amount. The Debtors make no provision to pay administrative expenses and by any measure the amount owed is well in excess of the $8,000 in cash which the Debtors have in their bank accounts.

Documents and (b) granting such other and further relief as the Court deems just and proper.

This 31st day of May, 2013.    Respectfully submitted,

Suite 3100, Promenade II                SMITH, GAMBRELL & RUSSELL, LLP
1230 Peachtree Street,
Atlanta, Georgia 30309                  /s/ Brian P. Hall
(404) 815-3500                          Brian P. Hall
                                        Fla. Bar No. 070051

                                        Attorneys for Farm Credit of Florida, ACA

8

## CERTIFICATE OF SERVICE

I, Brian P. Hall, certify that on May 31, 2013, a copy of the **MODIFICATION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR, ALTERNATIVELY, TO DISMISS THE CASES** as follows:

**Via CM/ECF:**

Anthony W. Chauncey
The Decker Law Firm PA
Post Office Box 1288
Live Oak, FL 32064

James H. Post, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202

Timothy S Laffredi
Office of the United States Trustee
400 W. Washington St., Suite 1100
Orlando, FL 32801

**Via US Mail:**

*Local Rule 1007-d Parties in Interest:*

See Attached Matrix

    Dated this 31st day of May, 2013.

By: */s/ Brian P. Hall*
Brian P. Hall
Florida Bar No. 070051

Label Matrix for local noticing
113A-3
Case 3:11-bk-03851-PMG
Middle District of Florida
Jacksonville
Fri May 31 15:39:55 EDT 2013

IRS
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

Wells Fargo Financial Leasing, Inc.
MAC F4031-050
800 Walnut St
Des Moines, IA 50309-3605

Community State Bank
Post Office Drawer 460
Starke, FL 32091-0460

Florida Dept of Labor and Security
Hartman Building, Suite 307
2012 Capital Circle, Southeast
Tallahassee, FL 32399-6583

Internal Revenue Service
PO Box 7346
Philadelphia, PA  19101-7346

North Florida Reforestation Services
Post Office Box 365
Lake Butler, FL 32054-0365

TAMCO Capital Corporation
4830 W. Kennedy Blvd., Suite 650
Tampa, FL 33609-2578

Twyla J. Roberts
P.O. Box 233
Lake Butler, FL 32054-0233

Union Land & Timber Corp.
Post Office Box 233
Lake Butler, FL 32054-0233

American Express Bank FSB
c/o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

Roberts Land & Timber Investment Corp.
Post Office Box 233
Lake Butler, FL 32054-0233

Avery C. Roberts
P.O. Box 233
Lake Butler, FL 32054-0233

Farm Credit of Florida, ACA
11903 Southern Boulevard, Suite 200
Post Office Box 213069
West Palm Beach, FL 33421-3069

Florida Dept. of Revenue
Bankruptcy Unit
P.O. Box 6668
Tallahassee, FL 32314-6668

Legacy Wildlife Services/
Natural Resources Planning Services
5700 S.W. 34th Street, Suite 324
Gainesville, FL 32608-5371

Roberts Land & Timber Investment Corp.
12469 West SR 100
Lake Butler FL 32054-5130

TD Bank, National Association
Scruggs & Carmichael, P.A.
One SE First Avenue
Gainesville FL 32601-1205

(p)U S SECURITIES AND EXCHANGE COMMISSION
ATLANTA REG OFFICE AND REORG
950 E PACES FERRY RD NE STE 900
ATLANTA GA 30326-1382

United States Attorney
300 North Hogan St Suite 700
Jacksonville, FL 32202-4204

Florida Dept of Revenue
P.O. Box 6668
Tallahassee, FL 32314-6668

TD Bank, National Association, as the succes
c/o Jeffrey R. Dollinger, Esq.
1 SE 1st AVenue
Gainesville, FL 32601-6240

Avery C. Roberts and Twyla J. Roberts
c/o Edward P. Jackson, Esq.
255 N Liberty Street, 1st Fl
Jacksonville FL 32202-2820

Farm Credit of Florida, ACA, successor by me
to Farm Credit of North Florida, ACA
c/o Smith, Gambrell & Russell, LLP
Attn: Brian P. Hall, Esq.
1230 Peachtree Street, N.E., Suite 3100
Atlanta, GA 30309-3592

Gilbert Weisman
Becket & Lee LLP
POB 3001
Malvern, PA 19355-0701

Mercantile Bank
Post Office Box 100201
Columbia, SC 29202-3201

Secretary of the Treasury
15th & Pennsylvania Ave., NW
Washington, DC 20220-0001

Timothy S Laffredi
135 West Central Blvd Suite
Orlando, FL 32801-2430

Union County Tax Collector
55 West Main Street, Room 108
Lake Butler FL 32054-1654

United States Trustee - JAX 11
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2217

Wells Fargo Financial Leasing, Inc.
800 Walnut Street
MAC F4031-050
Des Moines, IA 50309-3605

Wendell W. Wheeler
439 S.W. Main Boulevard
Lake City, FL 32025-5268

Anthony W. Chauncey
The Decker Law Firm PA
Post Office Box 1288
Live Oak, FL 32064-1288

James H. Post
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202-4494

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

U.S. Securities & Exchange Commission
Reorganization Branch, Atlanta
3475 Lenox Rd., NE, Ste. 1000
Atlanta, GA 30326-1323

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Farm Credit of Florida, ACA

(d)American Express Bank, FSB
c/o Becket and Lee LLP
POB 3001
Malvern PA 19355 0701

(d)Avery C. Roberts
Post Office Box 233
Lake Butler, FL 32054-0233

(d)Twyla J. Roberts
Post Office Box 233
Lake Butler, FL 32054-0233

(u)Avery C. Roberts

(u)Michael G Williamson

(u)Twyla J. Roberts

(u)Wendell W. Wheeler

End of Label Matrix
Mailable recipients    33
Bypassed recipients     8
Total                  41